UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION *not in its
individual capacity but solely as Trustee for the
RMAC Trust, Series 2016-CTT*,

        Plaintiff,       **MEMORANDUM
                       AND ORDER**

   - against -            CV 17-7338 (AKT)

SAMUEL DESROSIERS,

        Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. PRELIMINARY STATEMENT**

   Plaintiff U.S. Bank National Association as Trustee for the RMAC Trust, Series 2016-CTT ("the Plaintiff" or "U.S. Bank") commenced this action pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") to foreclose a mortgage which encumbers property at 192 Jefferson Avenue, Amityville, NY 11701 (the "Property") owned by Defendant Samuel Desrosiers (the "Defendant"). *See generally* Second Amended Complaint ("SAC") [DE 26]. Defendant filed two counterclaims against Plaintiff, one of which asserts that this foreclosure action is frivolous, pursuant to Federal Rule of Civil Procedure 11, and the other which alleges that Plaintiff and Plaintiff's counsel, Gross Polowy, LLC, violated Section 1692(f) of the Fair Debt Collections Act ("FDCPA"). *See* Defendant's Answer and Counter-Claims ("Def.'s Ans.") [DE 28].

   U.S. Bank has now moved for summary judgment on its claim, pursuant to New York RPAPL, to foreclose on the mortgage which encumbers the Property. *See* Notice of Plaintiff's Motion for Summary Judgment [DE 36]. In response, Defendant has cross-moved for summary judgment, arguing that the instant action is time-barred and that the Court lacks diversity

jurisdiction. *See* Notice of Defendant's Cross-Motion for Summary Judgment [DE 43]. The Court notes that Defendant's cross-motion does not seek summary judgment as to his cross-claims against U.S. Bank. The parties consented to this Court's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). *See* DE 14; Electronic Order dated May 4, 2018. For the reasons which follow, the Court temporarily denies both the Plaintiff's motion and Defendant's cross-motion for summary judgment pending supplemental briefing on the specific issue whether the Court has subject matter jurisdiction.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a national banking association with its main office located at 425 Walnut Street, Cincinatti, Ohio 45202. *See* Plaintiff's Statement of Material Facts Pursuant to L.R. Civ. P. 56.1 ("Pl.'s 56.1 Stmt.") [DE 40] at ¶ 1. Defendant is domiciled in New York. *See id.* ¶ 2. On October 5, 2006, Defendant executed and delivered to Lehman Brothers Bank, FSB, a promissory note (the "Note") in the principal sum of $340,000, with interest charged on the unpaid principal until the entire amount of principal and interest is paid. *Id.* ¶ 3. That same day, Defendant executed and delivered a mortgage (the "Mortgage") which secured the real property known as 192 Jefferson Avenue, Amityville, NY 11701 as collateral for repayment of the Note. *Id.* The Mortgage was recorded in the Suffolk County Clerk's Office on December 21, 2006 under liber 21440 at page 528 and the recording tax was paid. Thereafter, the Note and Mortgage were physically delivered to Plaintiff. *Id.* The written assignments of the Mortgage were recorded in the Suffolk County Clerk's Office on June 21, 2010 under liber 21957 at page 847, on October 7, 2014 under liber 22531 at page 630, and September 27, 2016 under liber 22741 at page 107. The Mortgage was first assigned from MERS as nominee for Lehman Brothers, FSB to Aurora Loan Services, LLC on August 7, 2008. *See* Corporate Assignment of

Mortgage [DE 34-2 at 43]. The Mortgage was then assigned from Aurora Loan Services, LLC to Nationstar Mortgage, LLC on August 27, 2014. *See* Assignment of Mortgage [DE 34-2 at 46]. The Mortgage was assigned again, this time from Nationstar to Plaintiff on June 2, 2016. *See* Assignment of Mortgage [DE 34-2 at 51].

Defendant defaulted in his repayment of the Note and Mortgage. *See* Pl.'s 56.1 Stmt. ¶ 5. In July 2008, MERS, as nominee for Lehman Brothers Bank, commenced a foreclosure proceeding in the Supreme Court of the State of New York, County of Suffolk, indicating that the Defendant's default began on April 1, 2008. *See* Mortgage Electronic Registration Systems, Inc. as nominee for Lehman Brothers Bank, FSB, Index No. 08-28609 ("*MERS v. Desrosiers*") Summons and Complaint [DE 45-7]. The state court foreclosure action was subsequently dismissed on March 7, 2011 for lack of personal jurisdiction because the Defendant was not properly served. *See MERS v. Derosiers*, March 17, 2011 Order [DE 41-8].

Plaintiff commenced the instant action on December 18, 2017. *See generally* Complaint [DE 1]. In the Complaint, Plaintiff alleges that Defendant failed to make his required payments under the Mortgage beginning on February 1, 2012. *See id.* ¶ 13. Defendant filed an Answer to the Complaint on February 28, 2018. *See generally* Answer [DE 9]. The parties consented to have this case referred to a magistrate judge for all purposes, pursuant to 28 U.S.C. § 636(c). *See* DE 14; May 4, 2018 Electronic Order.

Defendant filed a motion to dismiss the Complaint on October 4, 2018, primarily arguing that Plaintiff's claim is untimely because the Note was accelerated in 2008 when MERS commenced the state court action -- and a foreclosure action must be commenced within six years of the acceleration of the Note. *See generally* Affirmation of Charles Wallshein in Support of Motion to Dismiss [DE 16-1]. Plaintiff filed opposition to Defendant's motion. *See*

3

Memorandum in Opposition [DE 17].  Defendant submitted a reply.  *See* Reply in Support of Motion to Dismiss [DE 18].

On September 9, 2019, then-Magistrate Judge Brown granted Defendant's motion to dismiss:

> Upon review of the papers, the Court independently determined that the Complaint is silent on the issue of the citizenship of the RMAC Trust and/or its shareholders. To establish diversity jurisdiction, plaintiff is required to allege such information. Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016, 194 L. Ed. 2d 71 (2016)("[S]hareholders [of a real estate trust] appear to be in the same position as the shareholders of a joint-stock company or the partners of a limited partnership... for purposes of diversity jurisdiction, members [of a real estate trust] include its shareholders"). "A complaint is deficient where it has no allegation as to the identity or citizenship of [an LLCs] members." Carter v. Healthport Tech., LLC, 822 F.3d 47, 60 (2d Cir. 2016). The failure to allege the citizenship of the trust itself prevents an examination of the appropriate state law to determine the rules applicable to the Trust. Based upon this failure to adequately allege diversity jurisdiction, the Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may, if appropriate, file an amended complaint and appropriate supporting materials within 30 days of the date of this order. This dismissal is further supported by US National's failure to adequately allege its own citizenship, relying solely upon an allegation concerning its "principle place of business," a mistake it has made in the past.  See, e.g., US v. Monroe, 2017 WL 923326 (NDNY 2017).  Moreover, on this motion, defendant raises a substantial issue on the question of the application of the statute of limitations. Though raised in the context of a motion to dismiss, the papers contain sufficient outside factual information that conversion to a motion for summary judgment under Rule 12(d) would be appropriate. Thus, should the plaintiff file an amended complaint, defendant shall be permitted to refile the pending motion as one for summary judgment under Rule 56.

*See* Electronic Amended Order dated September 9, 2019.

Plaintiff filed its Amended Complaint on September 27, 2019.  *See* Amended Complaint ("Am. Compl.") [DE 20].  On October 10, 2019, Defendant filed a letter to Judge Brown arguing that the Amended Complaint failed to properly allege diversity jurisdiction.  *See* DE 21.

4

Following a conference before Judge Brown on October 23, 2019, Plaintiff was permitted to file a further amended complaint with a joint briefing schedule by December 16, 2019. *See* October 23, 2019 Minute Entry. Plaintiff filed the Second Amended Complaint on December 17, 2019. *See generally* SAC. Defendant filed an Answer to the SAC on January 14, 2020, which also asserted two counterclaims against Plaintiff. *See generally* Def.'s Ans. Plaintiff then filed an Answer to Defendant's Counter-Claims on January 23, 2020. *See generally* Pl.'s Ans.

Following the reassignment of the case to this Court, the parties filed their respective cross-motions for summary judgment. *See* DE 36; DE 43. Plaintiff has moved for summary judgment seeking foreclosure and sale of the Property. *See generally* Plaintiff's Memorandum in Support of Motion for Summary Judgment ("Pl.'s Mem.") [DE 37]. Defendant has cross-moved for summary judgment, arguing that despite Judge Brown's prior Order, the Plaintiff failed to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* Defendant's Memorandum of Law in Support of Cross-Motion Pursuant to Rule 56 ("Def.'s Mem.") [DE 45] at 18-24. Defendant has also raised again its argument that the Plaintiff's claims are untimely because the Note was accelerated in 2008. *Id.* at 13-17.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir. 2000). Lack of subject matter jurisdiction may not be waived and "may be raised at any time by a party or by the court *sua sponte.*" *Lyndonville,* 211 F.3d at 700. There is an independent obligation for a federal court to "determine whether subject matter-jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S.

5

500, 514 (2006) (internal citation omitted). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lydonville*, 211 F.3d at 700-01; *see also* FED. R. CIV. P. 12(h)(3). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim,* 838 F.3d 129, 134 (2d Cir. 2016) (internal quotations and citation omitted).

A federal court's subject matter jurisdiction may be predicated on federal question jurisdiction, *see* 28 U.S.C. § 1331, or diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332. Here, the Second Amended Complaint asserts subject matter jurisdiction based on diversity of citizenship. *See* SAC. ¶ 7. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). To establish jurisdiction based on diversity of citizenship, a plaintiff must demonstrate that the adverse parties are citizens of different states and that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). This diversity requirement is satisfied only if complete diversity exists, *i.e.*, "there is no plaintiff and no defendant who are citizens of the same State." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

### IV.   DISCUSSION

Based upon the parties' submissions with respect to their summary judgment motions, it is not clear to the Court whether Plaintiff has sufficiently established that diversity jurisdiction exists here. Most critically, the parties dispute the manner in which the citizenship of the Plaintiff should be determined. According to Plaintiff, "a national bank such as U.S. Bank National Association is a citizen of the State in which its main office, as set forth in its articles of

6

association, is located." *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Cross-Motion for Summary Judgment ("Pl.'s Reply") [DE 48] at 5. Plaintiff notes that in Defendant's Rule 56.1 Statement, Defendant did not dispute that Plaintiff's main office is located in Cincinnati, Ohio. *See id.*; Defendant's Statement of Undisputed Facts ("Def.'s 56.1 Stmt.") [DE 44] at ¶ 1. On the other hand, Defendant maintains that Plaintiff's citizenship should be determined based upon the shareholders or beneficiaries of the trust, and Plaintiff has not set forth any information regarding the citizenship of the shareholders or beneficiaries. *See* Def.'s Mem. at 18-24. As such, the parties disagree as to whether the Plaintiff's citizenship should be determined solely by the location of its main office or by the citizenship of the trust's members.

The Second Circuit has held that a national bank "is a citizen only of the state in which its main office is located" as per its articles of association. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 216-18 (2d Cir. 2016). Although Plaintiff is a national bank, it commenced this action "not in its individual capacity, but solely as trustee for the RMAC Trust, Series 2016-CIT." *See* SAC ¶ 2. "While U.S. Bank is the nominal plaintiff in this case, it is longstanding federal law that 'court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *See U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Monroe*, No. 15-CV-1480, 2017 WL 923326, at *4 (N.D.N.Y. Mar. 8, 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

In *Americold Realty Trust v. Conagra Foods*, the Supreme Court addressed the diversity of citizenship of a real estate investment trust created under Maryland law. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381-84 (2016). Noting that states have applied the "trust" label to a variety of unincorporated entities which have little in common with traditional

7

gift-based trusts, the Supreme Court found that for business trusts which are separate legal entities and can sue or be sued in their own right, the citizenship of all the trust's shareholders or beneficiaries is dispositive. *See U.S. Bank Trust, N.A. v. Dupre*, No. 15-CV-558, 2016 WL 510723, at *3 (citing *Americold*, 577 U.S. at 383-84). In *Americold*, the Supreme Court left in tact the rule of *Navarro* which provides that "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." *See Americold*, 577 U.S. at 382-83. This rule only applies where the trustees are the real parties in interest to the controversy, meaning, among other things, that they are "active trustees whose control over the assets held in their names is real and substantial." *See Dupre*, 2016 WL 510723, at *4 (citing *Navarro*, 446 U.S. at 462-66).

The Court has found numerous decisions by other district courts within the Second Circuit which address the issue of diversity jurisdiction and whether it has been properly pled or established by U.S. Bank, through its counsel at Gross Polowy LLC. *See, e.g.*, *U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18-CV-530, 2019 WL 486086, at *3 (E.D.N.Y. Feb. 6, 2019) ("Plaintiff's complaint only asserts its principal place of business, rather than its main office; however, Plaintiff has sufficiently proven diversity of citizenship because Defendants are citizens of New York and Las Vegas, and Plaintiff has provided its Certified Articles of Association, which state that its main office is in Delaware." (internal citations omitted)); *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Gebman*, No. 16-CV-7033, 2018 WL 3745672, at *2 (S.D.N.Y. Aug. 7, 2018) (discussing whether U.S. Bank adequately pled the location of its main office as set forth in its articles of association); *Monroe*, 2017 WL 923326, at *4-5 (dismissing case for lack of subject matter jurisdiction because "U.S. Bank . . . included no allegations concerning the type of trust at issue

8

here, its degree of control over the trust assets, or, alternatively, the citizenships of the trust's beneficiaries"); *Dupre*, 2016 WL 510723, at *3-4 (dismissing case for lack of subject matter jurisdiction because U.S. Bank failed to demonstrate "that it is a real party to the controversy that can proceed in its own right and without reference to the citizenship of the trust's beneficiaries"). U.S. Bank and its attorneys at Gross Polowy have also been cautioned "against continuing to claim federal jurisdiction in . . . lawsuits if it either lacks an arguable basis for doing so or does not wish to invest the effort required to make its case." *See Monroe*, 2017 WL 923326, at *5. In his September 9, 2019 Electronic Order, Judge Brown was also very clear to Plaintiff that the citizenship of the RMAC Trust or its shareholders may be required to demonstrate diversity jurisdiction.

In *Adhami*, Eastern District of New York Judge Pamela Chen's 2019 decision, Judge Chen concluded that U.S. Bank was a citizen of the state in which its main office was located. *Adhami*, 2019 WL 486086, at *3-4. Judge Chen found diversity of citizenship existed because U.S. Bank provided its Certified Articles of Association which stated that its main office was in Delaware, and the defendants were citizens of New York and Nevada. *See id.* In so ruling, Judge Chen determined that the Trust Agreement at issue empowered U.S. Bank to sue in its own right without regard to the citizenship of the trust's beneficiaries: "Based on the unredacted portions of Plaintiff's Trust Agreement provided to the Court, Plaintiff was given the power "to assign, grant, transfer, pledge, mortgage and/or convey Mortgage Loans and [Real Estate Owned] Properties and other assets to any party[,]" and "to hold, manage and distribute its property and assets and any proceeds . . . (including but not limited to commencing any enforcement proceedings or actions and taking any such further action incidental thereto)." *Id.* at 3 n.4. The trust agreement at issue in *Adhami* is distinguishable from the trust agreement in

9

*Dupre*, which stated that U.S. Bank "shall have only such rights, power and duties as are specifically and expressly required by this [a]greement." *See Dupre*, 2016 WL 510723, at *4. The court in *Dupre* found that particular provision "to expressly reject the idea that U.S. Bank is an active trustee with real and substantial control over the trust's assets (and thus that U.S. Bank is the real party in interest under *Navarro*)." *Id.*

Here, Plaintiff argues that it "submitted proof U.S. Bank National Association is empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT, prosecute legal actions on behalf of the RMAC Trust, Series 2016-CTT, has title to and manages the assets of the RMAC Trust, Series 2016-CTT, and controls this litigation on behalf of the RMAC Trust, Series 2016-CTT." *See* Pl.'s Reply at 6. However, in making this assertion, Plaintiff does not draw the Court's attention to any part of the Trust Agreement, which was filed under seal at DE 49. In reviewing the Trust Agreement, the Court notes that Plaintiff's duties pursuant to that Agreement, as trustee, are to "undertake[] to perform such duties and only such duties as are specifically set forth in this Agreement or may be directed by the Participation Agent or the Program Administrator." This language appears virtually identical to the provision analyzed by the court in *Dupre*, which was found not to have conferred sufficient powers upon U.S. Bank to deem it the real party in interest under *Navarro*.

Although the court in *Dupre* dismissed the case due to the plaintiff's failure to demonstrate that it could proceed in its own right, without regard to the citizenship's beneficiaries, the plaintiff in *Dupre* hindered the court's determination by submitting only a completely redacted version of the trust agreement at issue. Here, Plaintiff has submitted an unredacted version of the Trust Agreement. However, neither the Plaintiff nor the Defendant has

pointed to any provisions of the Trust Agreement which would warrant this Court to either adopt or depart from the holding in *Dupre*.

V.      **CONCLUSION**

For the foregoing reasons, the Court is providing Plaintiff **one final opportunity** to demonstrate that diversity jurisdiction exists and is directing supplemental briefing solely as to this issue. To resolve the Court's doubts concerning subject matter jurisdiction, Plaintiff is required to draw the Court's attention to specific documentation, *i.e.*, the Trust Agreement or something else, which demonstrates (a) that Plaintiff's control over the trust assets is real and substantial to warrant the application of Plaintiff's main office as the basis for citizenship; or (b) the citizenship of the beneficiaries of the Trust. Each side's briefing is limited to ten pages, double spaced, 12 point font and should get to the heart of the argument immediately. There is no need to summarize facts or re-hash previous arguments. Plaintiff's submission is to be filed no later than May 5, 2021. Any response/opposition by the Defendant must be filed by May 20, 2021. Counsel are cautioned that their legal arguments must be supported by citations to case law or the papers will be returned. If Plaintiff does submit a limited brief as contemplated by this Order, the Court will grant Defendant's cross-motion for summary judgment to the extent it seeks dismissal for lack of subject matter jurisdiction.

                                                                **SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2021                                           /s/ A. Kathleen Tomlinson
                                                                A. KATHLEEN TOMLINSON
                                                                U.S. Magistrate Judge