UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION *not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT*,

                Plaintiff,

      -against-

SAMUEL DESROSIERS,

                Defendant.
----------------------------------------------------------------X

**MEMORADUM AND ORDER**
17-CV-7338 (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT, commenced this action pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") seeking to foreclose a mortgage encumbering property at 192 Jefferson Avenue, Amityville, New York 11701 owned by Defendant Samuel Desrosiers. (DE 26.) In response, Defendant filed two counterclaims against Defendant, one asserting that this foreclosure action is frivolous under Federal Rule of Civil Procedure 11, and one alleging that Plaintiff and its counsel—Gross Polowy, LLC—violated Section 1692(f) of the Fair Debt Collections Act ("FDCPA"). (DE 28.)

      Presently before the Court are the parties' cross-motions for summary judgment on Plaintiff's RPAPL claim. (DE 36, 43.) In his respective motion, Defendant asserts that this Court lacks diversity jurisdiction over this matter. (DE 43.) Based on this jurisdictional issue, the Honorable A. Kathleen Tomlinson—who previously presided over this case—temporarily denied both parties' motions and directed additional briefing to give Plaintiff a final opportunity to properly allege its citizenship for diversity purposes. (DE 50.) Having considered the parties' supplemental arguments (DE 51, 52), the Court now concludes that Plaintiff has failed to establish that this Court has subject matter jurisdiction over the controversy and, accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion is GRANTED.

## **RELEVANT BACKGROUND**

The Court assumes the parties' familiarity with the factual underpinnings of this case and the prior proceedings.¹ From the very nascent stage of this matter, the question of whether Plaintiff properly established subject matter jurisdiction by way of diversity of citizenship was a concern. On September 9, 2019, then-Magistrate Judge Gary R. Brown—after the parties had consented to magistrate jurisdiction for all purposes—granted Defendant's motion to dismiss for jurisdictional infirmities. (Electronic Order dated Sept. 9, 2019.) Judge Brown specifically stated that

> the Court independently determined that the Complaint is silent on the issue of the citizenship of the RMAC Trust and/or its shareholders. To establish diversity jurisdiction, plaintiff is required to allege such information. Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016, 194 L. Ed. 2d 71 (2016) ("[S]hareholders [of a real estate trust] appear to be in the same position as the shareholders of a joint-stock company or the partners of a limited partnership . . . for purposes of diversity jurisdiction, members [of a real estate trust] include its shareholders"). A complaint is deficient where it has no allegation as to the identity or citizenship of [an LLCs] members. Carter v. Healthport Tech., LLC, 822 F.3d 47, 60 (2d Cir. 2016). The failure to allege the citizenship of the trust itself prevents an examination of the appropriate state law to determine the rules applicable to the Trust. Based upon this failure to adequately allege diversity jurisdiction, the Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may, if appropriate, file an amended complaint and appropriate supporting materials within 30 days of the date of this order. This dismissal is further supported by US National's failure to adequately allege its own citizenship, relying solely upon an allegation concerning its "principle place of business," a mistake it has made in the past. See, e.g., US v. Monroe, 2017 WL 923326 (NDNY 2017). Moreover, on this motion, defendant raises a substantial issue on the question of the application of the statute of limitations. Though raised in the context of a motion to dismiss, the papers contain sufficient outside factual information that conversion to a motion for summary judgment under Rule 12(d) would be appropriate. Thus, should the plaintiff file an amended complaint, defendant shall be permitted to refile the pending motion as one for summary judgment under Rule 56.

(*Id.*) In response to that order, Plaintiff filed an amended complaint (DE 20) and then a second amended complaint (DE 26), apparently in an attempt to cure the jurisdictional deficiencies outlined by Judge Brown.

The case was then reassigned to Judge Tomlinson (Electronic Order dated Dec. 17, 2020), at which point the parties filed their respective cross-motions for summary judgment (DE 36, 43). On March 31, 2021, Judge Tomlinson issued a Memorandum and Order temporarily denying both parties' motions. (DE

---

¹ For a more robust factual and procedural background, the Court directs the parties to Judge Tomlinson's March 31, 2021 Memorandum and Order. (*See* DE 50.)

50.) In her scrupulous decision, Judge Tomlinson again highlighted that it remained unclear whether Plaintiff had sufficiently established diversity jurisdiction. (*Id.* at 6.) Although the parties disputed the manner in which the citizenship of Plaintiff should be determined, Judge Tomlinson concluded that—under controlling Supreme Court precedent—Plaintiff was required to either (1) point to specific portions of the Trust Agreement or something else demonstrating that its control over the trust assets is real and substantial; or (2) allege the citizenship of the beneficiaries of the Trust. (*Id.* at 11.) As such, Judge Tomlinson directed the parties to file supplemental briefing on this focused jurisdictional issue (*id.*), which they subsequently did (DE 51, 52). In light of the reassignment to the undersigned on November 1, 2021, the parties cross-motions for summary judgment—again, with a focus on the issue of subject matter jurisdiction—are now before the Court.

## **LEGAL STANDARD**

It is axiomatic that "'federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). One such jurisdictional limitation is that of subject matter jurisdiction, which prescribes "a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). Such categories are limited to cases involving a federal question, 28 U.S.C. § 1131, and cases where parties are citizens of different states and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1132. Parties cannot waive lack of subject matter jurisdiction, which "may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists rests on the plaintiff. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (citation omitted).

Where, as here, subject matter jurisdiction is premised on diversity, then "diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacificCorp Cap., Inc.*, 87 F.3d 44, 47 (2d


Cir. 1996) (internal quotation marks and citation omitted). Diversity of citizenship is achieved only where complete diversity among the parties exists, meaning that "there is no plaintiff and no defendant who are citizens of the same [s]tate." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). Against this backdrop, the Court considers the present motions.

## **DISCUSSION**

As thoroughly detailed in Judge Tomlinson's March 31, 2021 Memorandum and Order, the Supreme Court in *Americold Realty Trust v. Conagra Foods* re-affirmed the principle that "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the [s]tate to which she belongs—as is true of any natural person." 577 U.S. 378, 382–83 (2016) (emphasis in original). That principle, however, applies only in circumstances where the trustee is a real party in interest to the controversy, meaning that it is an "active trustee[] whose control over the assets held in [its] name is real and substantial." *U.S. Bank Tr., N.A. v. Dupree*, 15-CV-0558 (LEK/TWD), 2016 WL 5107123, at \*4 (N.D.N.Y. Sept. 20, 2016) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)). When a plaintiff fails to show that a trustee's control over the trust assets is real and substantial, the *Americold Realty Trust* principle must yield, in which case the citizenship of the trust's *beneficiaries*—rather than the citizenship of the trustee—controls the court's diversity analysis. *See id.*

In determining whether a trustee wields sufficient control over the assets of the trust to be considered the real party in interest, courts look to the terms of the trust agreement to discern the scope of the trustee's power. *See, e.g.*, *id.* (dismissing case for lack of subject matter jurisdiction where trust agreement did not evince sufficient trustee control over trust assets and plaintiff did not allege the citizenship of the beneficiaries); *Wilmington Tr., Nat'l Ass'n, as Tr. for the Benefit of the Registered Holders of Benchmark 2018-B5 Mortg. Tr., Comm. Mort. Pass-Through Certificates, Series 2018-B5 v. 115 Owner LLC*, 20-CV-2157 (JMF), 2021 WL 5086368, at \*1 (S.D.N.Y. Nov. 2, 2021) (holding that trustee was the real party in interest after examining the trust agreement and finding that the trustee maintained sufficient control over the trust assets); *U.S. Bank Tr., N.A., as Tr. for LSF9 Master*

4

*Participation Tr. v. Adhami*, 18-CV-530 (PKC) (AKT), 2019 WL 486086, at *3 n.4 (E.D.N.Y. Feb. 6, 2019) (same).

Upon review of the submissions, Plaintiff has again come up short in establishing subject matter jurisdiction despite Judge Tomlinson affording it "one final opportunity" to (1) point to specific portions of the Trust Agreement or something else demonstrating that its control over the trust assets is real and substantial; or (2) allege the citizenship of the beneficiaries of the Trust. (DE 50.) In its supplemental briefing, Plaintiff chose the former path, foregoing the opportunity to allege the citizenship of the Trust's beneficiaries and instead contending that its control over the assets in this case is real and substantial. (*See, e.g.*, DE 51.) In doing so, Plaintiff sets forth a two-pronged argument. First, Plaintiff asserts that the fact that Plaintiff commenced this action as a Trustee in its own name is dispositive of the jurisdictional issue. (*Id.* at 2–3.) And second, Plaintiff contends that the Limited Power of Attorney ("POA")—entered into between Plaintiff and Rushmore Loan Management Services LLC ("RLMS"), a mortgage loan servicer and attorney-in-fact—and Trust Agreement evince that Plaintiff's authority over the Trust assets is such that it is a real and substantial party in interest here. (*Id.* at 3–7.) Both arguments, however, are unavailing and do not adequately establish that this Court has subject matter jurisdiction over this dispute.

Plaintiff's first contention—that subject matter jurisdiction exists simply because Plaintiff, as Trustee, sued in its own name rather than the name of the beneficiaries—is baseless, particularly given its adamantine disregard of Judge Tomlinson's discussion and directives in her prior Memorandum and Order. Plaintiff's bumptious assertion that "its citizenship controls and the issue presented by the Court—whether the Trustee has certain authority to control the Trust assets—is immaterial" (*id.* at 3), ignores the applicable legal framework that Judge Tomlinson previously provided the parties in painstaking detail. Contrary to Plaintiff's contention that its authority under the Trust Agreement is "immaterial," the scope of its authority under the Trust Agreement is indeed the core factor of the diversity analysis. *See, e.g.*, *Dupree*, 2016 WL 5107123 at *4; *115 Owner LLC*, 2021 WL 5086368 at *1; *Adhami*, 2019 WL 486086 at *3 n.4. Plaintiff's following argument belies its first by stating—rightfully—that "the power to execute documents and sue

5

or be sued are critical in the determination of whether the trustee or trust is the real and substantial party in interest." (DE 51 at 3.) Plaintiff's first argument therefore holds no water and fails.

Plaintiff's second argument is more appropriate than its first but nevertheless falls short of establishing subject matter jurisdiction. Plaintiff points first to the POA and then to the Trust Agreement to show that it is the real party in interest based on the amount of authority it possesses over the Trust assets. A review of the POA suggests that Plaintiff delegated sweeping authority to RLMS to service the loans held by the Trust. (DE 38-14.) Plaintiff, however, puts the cart before the horse in focusing first on the POA, as any power that Plaintiff has as Trustee is innately derived from the Trust Agreement. The proper analysis therefore begins by examining the scope of Plaintiff's authority as delineated by the Trust Agreement.

Despite Plaintiff's contentions to the contrary, a review of the provisions of the Trust Agreement makes clear that Plaintiff does not wield sufficient authority to be deemed the real party in interest in this matter. As previously noted by Judge Tomlinson, Section 5.01 of the Trust Agreement, which sets forth the Plaintiff's duties as Trustee, grants Plaintiff limited, rather than expansive, authority over the Trust assets. Section 5.01 provides that

> [t]he Trustee undertakes to perform such duties *and only such duties as specifically set forth in this Agreement or as may be directed by the Participation Agent or the Program Administrator* in accordance with Section 5.02 hereof and shall not be liable except for the performance of such duties and obligations as are specifically set forth in this Agreement and no implied covenants, duties or obligations shall be read into this Agreement against the Trustee[.]

(DE 38-15 at 18–19 (emphasis added).) In other words, Section 5.01 grants the Program Administrator— the beneficiary of the Trust—the ability to direct the Trustee. (*Id.*; *see id.* at 4 (defining Roosevelt Management Company LLC as both the Program Administrator and beneficiary of the Trust).) This language is nearly identical to the trust agreement language in *Dupre*, where the court concluded that plaintiff having "only such rights, powers and duties as are specifically and expressly required by th[e]

6

[a]greement" was insufficient to establish real and substantial control over the trust's assets.[2] 2016 WL 5107123 at *4 ("If anything, this provision seems to expressly reject the idea that [plaintiff] is an active trustee with real and substantial control over the trust's assets (and thus that [plaintiff] is the real party in interest under *Navarro*)."). The language here and in *Dupre* is virtually indistinguishable.

Moreover, the following provision, Section 5.02, underscores the limitation on Plaintiff's authority. Section 5.02, titled "Action upon Instruction," vests, in part, "the power to direct the Trustee by written instrument in matters relating to the Trust" in the Program Administrator, *i.e.* the Trust beneficiary. (*Id.* at 20.) Under this provision, the Trust beneficiary is empowered to direct Plaintiff "in connection with the execution of documents" and "enforcement of the rights and protection of the interest of the Participation Agent on behalf of the Participants." (*Id.*) The Trust Agreement therefore gives the beneficiary legitimate authority over the Trust assets rather than the mere ability to advise Plaintiff on Trust affairs. *Compare 115 Owner LLC*, 2021 WL 5086368 at *2 (holding that plaintiff trustee was the real party of interest where beneficiary could only advise, rather than direct, trustee's actions). This is exactly the type of authority that makes the beneficiary—rather than Plaintiff—the real party of interest. *Compare Adhami*, 2019 WL 486086 at *3 n.4 (holding that plaintiff was real party of interest where the trust agreement gave it "the power to assign, grant, transfer, pledge, mortgage and/or convey Mortgage Loans and [Real Estate Owned] Properties and other assets to any party, and to hold, manage and distribute its property and assets and any proceeds . . . (including but not limited to commencing any enforcement proceedings or actions and taking any such further action incidental thereto)") (internal quotation marks omitted).

Plaintiff's efforts to point to other provisions of the Trust Agreement in support of its argument are unpersuasive. Citing its "expansive duties," Plaintiff claims that its authority to retain possession of each mortgage file, satisfy mortgages, and execute documents necessary to satisfy mortgages evidence sufficient authority over the Trust assets. (DE 51 at 5.) But Plaintiff's postulations ignore that the beneficiary is empowered to direct Plaintiff in these matters, undercutting Plaintiff's argument. (*See* DE 38-15 at 18–20.)

---

[2] This nearly identical language undercuts Plaintiff's contention that the Trust Agreement here is distinguishable from that in *Dupre* and that "*Dupre* is irrelevant and immaterial . . . and should not be relied on." (DE 51 at 7.)

Plaintiff also selectively relies on a portion of the relevant provision in asserting that the beneficiary "shall not have any right, by virtue or by availing itself of any provisions of th[e] Agreement to institute any suit, action or proceeding in equity or at law upon or under or with respect" to the Agreement. (DE 51 at 6.) In doing so, Plaintiff offers only half the story, since the provision, in full, states that

> [t]he Beneficiary, solely by virtue of its status as Beneficiary, shall not have any right, by virtue of or by availing itself of any provision of this Agreement to institute any suit, action or proceeding in equity or at law upon or under or with respect to this Agreement, *unless also* the Beneficiary shall have made written request upon the Trustee to institute such action, suit or proceeding in its own name as Trustee hereunder[.]

(DE 38-15 at 26 (emphasis added).) The latter portion of the provision clearly evidences the beneficiary's ability to direct the Plaintiff into litigation of its choosing. Again, this is precisely the type of control that leads to the beneficiary, not Plaintiff, being the real party in interest. *See 115 Owner LLC*, 2021 WL 5086368 at *2 (holding that plaintiff trustee was the real party in interest because it was "the only party empowered to sue on behalf of the Trust" and was "clearly the 'master of the litigation'").

In short, Plaintiff has failed to meet its burden in establishing that it is the real party in interest in this controversy. Although it spills plenty of ink pointing to provisions in the POA, the fact remains that the beneficiary maintains vast authority to direct Plaintiff to act under the terms of the Trust Agreement. In light of Plaintiff's failure to allege the citizenship of the beneficiary of the Trust, this Court concludes that it does not have subject matter jurisdiction over this dispute. As such, Defendant's motion for summary judgment based on lack of subject matter jurisdiction is granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.  A status conference has been scheduled for December 29, 2021 at 10:30 am to address remaining discovery, if any, on Defendant's counterclaims, and to schedule a final pre-trial conference.

Dated: Central Islip, New York
December 1, 2021

**S O   O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge